UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | CASE NO. 20-sw-00409-NYW<br><br>**Filed Under Restriction** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under restriction from public access this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require T-Mobile US, Inc., a Cellular Service Provider located in Parsippany, NJ, to disclose certain records and other information pertaining to the cell phone number(s): (719) 666-0713, as described in Part I of Attachment A. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.  T-Mobile US, Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require T-Mobile US, Inc. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2); 18 U.S.C. § 2703(c)(1).

2.  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the

Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.  A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.  The United States is investigating criminal activity involving possession of firearms by a prohibited person. The investigation concerns possible violations of, inter alia, 18 U.S.C. § 922 (Unlawful acts related to firearms).

5.  Between March 3, 2019 and March 18, 2019, Tanaya THOMAS purchased seven (7) firearms. Three (3) of the seven (7) firearms were recovered in the possession of James KASSER on April 6, 2019. KASSER is a previously convicted felon. Another three (3) of the seven (7) firearms were recovered in the possession of Tyler TRAPP. TRAPP is currently charged with Attempted Murder, and at the time the weapons were recovered, he was awaiting sentencing on felony convictions for Identity Theft and Burglary. The last of the seven (7) of the firearms has not been recovered by law enforcement.

6.  On September 6, 2019, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent (SA) Ryan Molinari and ATF Task Force Officer (TFO) Adam Brewer interviewed THOMAS. THOMAS confessed to straw purchasing all seven (7) firearms for

KASSER.  THOMAS did not know TRAPP and was not aware of how three (3) of the firearms ended up in TRAPP's possession.

7. On January 10, 2020, SA Molinari concluded a search warrant analysis of two (2) cellular telephones that belonged to KASSER.  The phones were seized from KASSER on April 6, 2019.  The phone number assigned to KASSER's primary cellular phone was 719-356-0525.  The cellular telephones contained evidence of KASSER possessing each of the seven (7) firearms originally purchased by THOMAS.  Further, the cellular telephone contained evidence that KASSER provided unrelated firearms to David OROZCO.  There was no evidence on KASSER's phones showing KASSER communicated with TRAPP.  OROZCO's phone number was saved in KASSER's phone as 719-666-0713, the subject of this application.

8. On February 24, 2020, SA Molinari concluded a search warrant analysis of one (1) cellular telephone, which belonged to TRAPP.  The phone was seized from TRAPP on April 24, 2019.  The phone number assigned to TRAPP's cellular phone was 719-235-6734.  The cellular telephone contained evidence of TRAPP possessing multiple firearms originally purchased by THOMAS for KASSER.  Further, the cellular telephone contained evidence that TRAPP communicated with OROZCO.   There was no evidence on TRAPP's phone showing TRAPP communicated with KASSER.  OROZCO's phone number was saved in TRAPP's phone as 719-666-0713.

9. On February 25, 2020, SA Molinari and TFO Brewer interviewed KASSER.  KASSER confessed to having THOMAS straw purchase the seven (7) firearms for him.  KASSER stated, without provocation, that he knew OROZCO and TRAPP.  KASSER stated OROZCO and TRAPP robbed him and took four (4) of the firearms originally purchased by THOMAS.  KASSER stated OROZCO and TRAPP were close associates and conducted criminal activity together.

Further, KASSER indicated he heard OROZCO and TRAPP brag about homicides they committed on multiple occasions.

10. Investigators believe, based off cellular telephone search warrant analysis, and corroborated information from the interview with KASSER, that TRAPP and OROZCO received the firearms from KASSER. KASSER provided a timeframe in March of 2019 as to when TRAPP and OROZCO robbed him. Investigators believe historical phone toll data related to KASSER, TRAPP, and OROZCO's phones will provide valuable evidence of the relationships between KASSER, TRAPP, and OROZCO. This data will assist in showing each suspect's role in the firearms trafficking conspiracy and will assist investigators in confirming or denying KASSER's claim that TRAPP and OROZCO robbed him.

## REQUEST FOR ORDER

11. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that T-Mobile US, Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of the service of the Order.

12. The United States further requests that the Order require T-Mobile US, Inc. not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a period of one year from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems

appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

13. The United States further requests that the Court order that this case, namely the application and any resulting order, be restricted from all public access until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to restrict these documents from public access because their premature disclosure may seriously jeopardize that investigation.

      Respectfully submitted,

      JASON R. DUNN
      UNITED STATES ATTORNEY


      *s/ Thomas Minser*
      Thomas Minser
      Assistant United States Attorney
      1801 California Street, Suite 1600
      Denver, Colorado  80202
      Email: Thomas.Minser@usdoj.gov